## 57016. PORTIS v. THE STATE.

BIRDSONG, Judge.

The appellant, Charles E. Portis, was convicted of numerous counts of receiving stolen property and additional counts of obliterating and changing the vehicle identification number on automobiles or parts of automobiles. In substance, the state showed a scheme in which Portis would buy wrecked cars, obtain the title thereto and thereafter steal or cause to be stolen, vehicles similar to the wrecked ones. The VIN numbers would then be exchanged from the wrecked auto to the stolen one which would then be sold as a rebuilt car. On a number of the autos or parts of autos, the state showed that the confidential VIN had been obliterated. Portis was sentenced to 21 years. He appeals the conviction raising a plethora of alleged errors. *Held:*

Portis has raised nine enumerated errors. However, when one looks to the subsections of these enumerations and the several facets of some of the subsections, we are faced with approximately 35 attacks upon the conviction

and sentence.

These enumerations concern themselves with motions to suppress the fruits of several successive searches and seizures alleging lack of consent in a warrantless search, insufficient description in a warrant, absence of a neutral and detached magistrate, a secondary evidence objection to a warrant, and failure by the state to carry its burden in showing a valid warrant.

Other enumerations urge the denial of general and special demurrers to the indictments for failure adequately to specify the offenses charged, that the offenses alleged are not crimes in this state, failure of proof of the offenses as charged, an illegal arrest based upon a non-offense and basing an arrest upon a warrant stating non-existent offenses.

Further, appellant enumerates as error the failure to grant a notice to produce and a motion for discovery. He urges as error the improper denial of a challenge to the array of the grand jury. He contends it was error to deny his motion for new trial on numerous grounds, including failure to grant a motion for directed verdict of acquittal, allowing witnesses to testify who were not on the witness list and as to whom a sufficiently timely notice was not given, and that eyewitness identification was conducive to probable misidentification and thus improperly allowed.

Appellant also urges that the trial court failed to give four requested charges dealing with misdemeanor punishment, guidelines for weighing non-expert identification testimony, mistake of fact, and claim of right of ownership.

Portis also claims erroneous charges in six particulars dealing with value and that the sentence imposed was contradictory to that charge on value; charging on a non-crime; circumstantial evidence; uncharged misconduct; and upon the element of knowledge essential to a conviction of receiving stolen property. He advances additional arguments on the admission of opinion evidence of an expert, evidence of uncharged misconduct; and, photographic evidence allegedly not properly identified or authenticated. Finally, appellant argues that the sentence is illegal and

that the trial court improperly denied a motion for a supersedeas bond.

While this court could separately address each of these arguments advanced by Portis, we can perceive no advantage either to Portis or to the bench or bar of this state by doing so. We have carefully examined each of the issues raised by Portis, examined in detail the case law and arguments advanced in support of each, and find each and every one to be without merit. The voluminous enumerations therefore give us no cause to reverse the verdict of the jury or the judgment and sentence of the court.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 15, 1979 — DECIDED FEBRUARY 13, 1979.

*Michael B. Perry,* for appellant.
*Frank C. Mills, III, District Attorney,* for appellee.